THOMAS R. BURKE (State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email:  thomasburke@dwt.com

Attorneys for Plaintiff
VOICE OF SAN DIEGO

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOICE OF SAN DIEGO,<br><br>               Plaintiff,<br><br>   vs.<br><br>FEDERAL COMMUNICATIONS COMMISSION; FEDERAL AVIATION ADMINISTRATION; and U.S. DEPARTMENT OF TRANSPORTATION,<br><br>               Defendants. | Case No. **'20 CV0990 JLS  NLS**<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 ET SEQ.** |

Plaintiff VOICE OF SAN DIEGO, a California corporation ("VOSD"), by its undersigned attorneys, alleges as follows:

## I.    INTRODUCTION

1.    VOSD brings this action under the Freedom of Information Act, 5 U.S.C. § 552 et seq., as amended ("FOIA"), to enjoin the Federal Communications Commission ("FCC"), the Federal Aviation Administration ("FAA"), and the U.S. Department of Transportation ("DOT") from continuing to improperly withhold agency records concerning a proposed drone test flight over the City of San Diego that could take place as soon as the summer of 2020.  Such a flight would be the first time that a large military-grade unmanned aircraft with a wingspan of 79 feet and weighing 12,500 pounds will fly in civilian airspace over a major U.S. city.  In spite of repeated efforts to learn information about this matter of substantial public interest, the FCC and the FAA have failed to produce a single record – unlawfully withholding information in violation of their duties under FOIA.

2.    The Freedom of Information Act "focuses on the citizens' right to be informed about 'what their government is up to,'" by requiring the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties." *DOJ v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 750, 773 (1989) (citation omitted). "[D]isclosure, not secrecy, is the dominant objective" of FOIA. *Dep't of Interior v. Klamath Water Users Protective Ass 'n,* 532 U.S. 1, 8, (2001) (internal quotation marks and citations omitted). VOSD plays a critical role in providing information to citizens about "what their government is up to." Indeed, the First Amendment's guarantee of freedom of the press is meant to enable journalists to play an "essential role in our democracy," to "bare the secrets of government and inform the people." *New York Times.* Co. *v. United States,* 403 U.S. 713, 717 (1971) (Black, J. concurring).

3.    Through its FOIA Requests, VOSD seeks to fulfill its journalistic function and to shine a public light on the federal government's oversight of the

1

proposal to fly a military-grade drone in civilian airspace over the City of San Diego this summer.

4.    VOSD is informed and believes that the FAA is the lead federal agency overseeing the proposed drone flight.  See https://www.sandiegouniontribune.com/news/watchdog/story/2019-12-26/city-council-and-public-were-unaware-of-military-grade-drone-test-flight.  For years, General Atomics, a local defense contractor, has developed and used variations of its drones as weapons and tools of surveillance overseas.  The company's drone is now being repurposed in the United States as a commercial aircraft.   The proposed test flight is now scheduled to take place sometime in 2020, as early as this summer.  See https://www.flightglobal.com/defence/mq-9b-to-demonstrate-national-airspace-flight-above-san-diego/134715.article.  In April, General Atomics partnered with NASA to fly the drone over rural parts of Southern California to demonstrate the drone's surveillance capabilities and safety in the National Airspace System. General Atomics CEO Linden Blue was quoted in a press release saying, "Our work with NASA is opening the eyes of regulators to the safety and utility of unmanned aircraft systems in the performance of certain tasks for public and commercial good."  See https://www.ga.com/ga-asi-flies-skyguardian-in-so-cal-nas-as-part-of-nasa-demonstration. Safety has been the primary concern around this project and others.  In 2018, regulators in the United Kingdom expressed reservations about letting a General Atomic drone into their airspace.  See https://techcrunch.com/2020/03/09/the-risky-first-transatlantic-flight-of-a-reaper-drone/.  VOSD is informed and believes that when General Atomics initially sought an experimental licensing permit for its drone, it was approved, but with some modification. The FCC appears to have told the company that it couldn't use certain technology on board the drone for reasons that remain unclear. See **Exhibit A**.  In response, the company then filed another request.  See **Exhibit B**.  VOSD believes that this request remains pending approval.

2

5. VOSD believes that access to the records that it seeks from the FCC and the FAA about this drone program are essential to its readers and the public's understanding of this program before the flight takes place as early as this summer.

6. There is particular public interest in this flight, not just because it is unprecedented and will open up civilian airspace, but because drone crashes are fairly common. In 2014, a U.S. Customs and Border Protection drone manufactured by General Atomics experienced a mechanical failure and was deliberately drowned in the ocean off San Diego. For approximately two minutes, the pilot lost contact with the drone, and a subsequent investigation would show that a total of 18 General Atomics drones had failed over the previous nine months due to problems with the starter-generator. See https://www.voiceofsandiego.org/wp-content/uploads/2020/05/CBP-Mishap-Report-2014-Crash.pdf.

## II. PARTIES

7. VOSD is a non-profit news organization organized under the laws of the State of California with its principal place of business in San Diego County. VOSD was founded in 2005 by San Diego Union-Tribune columnist Neil Morgan and entrepreneur Buzz Woolley. VOSD is known for both its news coverage and local investigative reporting. It has been the recipient of a number of journalism awards.

8. The Federal Communications Commission is a federal agency within the meaning of 5 U.S.C. § 552(f). Plaintiff is informed and believe that the FCC has possession and control of the records sought by the Request.

9. The Federal Aviation Administration, a division of defendant the U.S. Department of Transportation, are both federal agencies within the meaning of 5 U.S.C. § 552(f). Plaintiff is informed and believe that the FAA has possession and control of the records sought by the Request.

### III.   JURISDICTION

10.    This Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. §§ 701-706, and 28 U.S.C. § 1331.

### IV.   VENUE

11.    Venue in the Southern District of California is proper under 5 U.S.C. § 552(a)(4)(B) as VOSD has its principal place of business in San Diego County and the Request was made in San Diego County.  For the same reason, venue also is proper under 28 U.S.C. § 1391(e).

### V.   FACTS

12.    A FOIA request submitted on March 21, 2020 and submitted through the FAA's online site from Jesse Marx, Associate Editor, on behalf of the VOSD, requested:

Any and all applications filed by either General Atomics Aeronautical Systems, NASA, the San Diego Regional Economic Development Corporation, the city of San Diego or the Integrations Pilot Program proposing and seeking permission to test drone technologies in the skies of California. I am also requesting any and all responses to those applications.

Any and all communications between FAA employees and General Atomics Aeronautical Systems representatives about a proposed drone test over California. Keywords and phrases could include but are not limited to "General Atomics," "GA," "SkyGuardian," "Predator," "Protector," "drone," "TCAS," "detect and avoid."

Any and all communications among FAA employees about a proposed drone test in the skies California involving General Atomics Aeronautical Systems and NASA. Keywords and phrases could include but are not limited to "General Atomics," "GA," "SkyGuardian," "Predator," "Protector," "drone," "TCAS," "detect and avoid."

Attached as **Exhibit C** is a true and correct copy of the Request.

COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA

13.     As part of its request, VOSD offered to pay up to $100 for costs associated with this request.  The VOSD also requested a waiver or reduction of fees given the public nature of its request and for the expedited processing of its request given the announced timing of the proposed drone flight.  See Id.

14.     The same day, VOSD made the identical FOIA request (and fees waiver and requested for expediting processing) to the FCC.  Attached as **Exhibit D** is a true and correct copy of its Request.

### The FCC's Handling of VOSD's FOIA Request

15.     On March 30, 2020, the FCC denied VOSD's request for expediting processing of its FOIA request.

16.     On April 20, 2020, the FCC's Office of Engineering and Technology asked VOSD to narrow its FOIA request.  In an email response sent on April 21, 2020, at 5:26 p.m., on behalf of VOSD, Mr. Marx explained:  "The records I seek are related to the unmanned aerial vehicle, or drone, test flights conduced since Jan. 1, 2018, by General Atomic over the skies of Southern California (spanning either Los Angeles, San Diego, Orange, Riverside, Imperial or San Bernardino counties). It's my understanding that these flights required special approval by the FCC because of the technology the company was proposing to put into the air. I've found a series of experimental licensing permit requests by the company's representatives on the FCC's website, including these three:

https://apps.fcc.gov/oetcf/els/reports/STA_Print.cfm?mode=initial&application_seq=98484&RequestTimeout=1000

https://apps.fcc.gov/oetcf/els/reports/STA_Print.cfm?mode=current&application_seq=99089&RequestTimeout=1000

https://apps.fcc.gov/els/GetAtt.html?id=248163&x=

Hopefully that helps provide the agency with the necessary context to complete my request.  If you still believe my request is too broad, please explain your methodology for producing records and how you anticipate in advance that a

5

substantial portion of those records will be non-responsive.  The time for processing this request has expired. Unless we're notified that you're planning to produce the records immediately, we will be exercising our rights under the Freedom of Information Act."

17.    On April 30, 2020, through an email, the FCC denied VOSD's fee waiver request.  The VOSD has received no further update from the FCC since this email and no documents have been produced in response to VOSD's FOIA request.

### The FAA's Handling of VOSD's FOIA Request

18.    On April 6, 2020, the FAA acknowledged receipt of VOSD's FOIA request but denied VOSD's requests for a fees waiver and expedited processing.  In an email sent to the FAA on May 5, 2020, on behalf of VOSD, Mr. Marx told the FAA that he disagreed "with your decision to deny my request for fee waiver and expedited processing" and he again "asserted the fact that I'm a professional journalist.  The records I seek are both timely and relevant and very much in the public interest as they related to an unmanned aerial vehicle, or drone, test flight that had been scheduled over the San Diego metro this summer and that will open civilian airspace to commerce purposes across the country.  It is historic and further delay jeopardizes the public's right to know what is occurring overhead.  Hopefully this helps provide the agency with the necessary context to complete my request. The time for processing this request has expired.  Unless my associates and I are notified that you're planning to produce the records immediately, we will be exercising our rights under the Freedom of Information Act."

19.    On May 6, 2020, in an email to Mr. Marx, the FAA acknowledged receipt of his FOIA May 4, 2020 FOIA request and informed Mr. Marx that his request was assigned to the FAA's UAS Integration Office in Washington, D.C.

20.    On May 7, 2020, on behalf of VOSD, Mr. Marx wrote to the FAA and requested an update on his FOIA request.  On May 8, 2020, Sammie B. Jones, Jr., a Business & Planning Analyst with the FAA responded.  He responded: "your

COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA

current request requires a broad search and will capture a substantial number of records, possibly causing an extensive processing delay.  For this reason, we ask that you clarify and/or narrow the scope of your request."  In an email response sent the same day, Mr. Marx provided the FAA with the same information that he provided the FCC on April 20, 2020.  See ¶ 16.

21.     Through a letter dated May 13, 2020, the FAA informed Mr. Marx that his FOIA request has been "additionally assigned" for action to the FAA/Air Traffic Organization in Washington, D.C.  After receiving this correspondence, Mr. Marx made follow-up phone calls and emails to the assigned FOIA Coordinator identified in the letter, but the coordinator did not return any of Mr. Marx's messages or emails other than to confirm in an email dated May 19, 2020, that the FAA had received the additional context referred to in paragraph 20.

22.     On May 19, 2020, on behalf of the FAA, Ms. Elena Richardson informed Mr. Marx in an email that the agency would provide a response to his request on or before June 26, but would not confirm whether any responsive documents would be produced by the agency.  On May 28, Mr. Marx received an email from FOIA Management Specialist Judy Shipp informing him that his request had been assigned to yet another coordinator and office—this one in Kansas City, Missouri.  Meantime, no documents have been produced in response to VOSD's initial FOIA request.

23.     As of the filing of this Complaint, months have elapsed since VOSD transmitted its Requests.  Because Defendants have failed to comply with the 20-business-day time limit provision of FOIA, 5 U.S.C. § 552(a)(6)(A)(i), VOSD is deemed to have exhausted its administrative remedies with respect to its FOIA Requests under 5 U.S.C. § 552(a)(6)(C)(i).

COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA

## VI.   FIRST CLAIM FOR RELIEF

### (Violation of FOIA)

24.    VOSD incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

25.    The FCC and the FAA have a legal duty under FOIA to determine whether to comply with a request within 20 days after receiving the request, and also has a legal duty to immediately notify the requester of the agency's determination and the reasons therefor. VOSD has a legal right under FOIA to obtain the agency records they sought in their Request, and there exists no legal basis for the FCC and FAA's failure to make these records available on an expedited basis, particularly when the proposed drone flyover is set to take place as early as this summer.

26.    The FCC and the FAA's failure to make promptly available the records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3)(A) and (a)(6)(A)(ii), and applicable regulations promulgated thereunder.

## VII.   PRAYER FOR RELIEF

WHEREFORE, VOSD requests the Court award them the following relief:

A. Declare that the FCC violated FOIA in its response to VOSD's FOIA request, its request for a fee waiver and its request for expedited processing;

B. Declare that the FAA and the DOT violated FOIA in their response to VOSD's FOIA request, its request for a fee waiver and its request for expedited processing;

C. Order the FCC to immediately disclose the requested records to VOSD and enter an injunction prohibiting the FCC from continuing to withhold the requested records;

COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA

D. Order the FAA and DOT to immediately disclose the requested records to VOSD and enter an injunction prohibiting the FAA and DOT from continuing to withhold the requested records;

E. Award VOSD its reasonable costs and attorney's fees;

F. Grant such further relief as the court may deem just and proper.

Dated:  May 29, 2020                                                 Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By:  /s/ *Thomas R. Burke*
THOMAS R. BURKE

Attorneys for Plaintiff
VOICE OF SAN DIEGO

9